# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **BANK OF NEW YORK MELLON TRUST COMPANY, N.A., NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,** § § § § § § § | Civil Action No. 3:22-cv-00020 |
| Plaintiff, § | |
| v. § § | |
| **JUANA O. CASTILLO,** § § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bank of New York Mellon Trust Company, N.A., not in its individual capacity but solely as Owner Trustee for Mortgage Assets Management Series I Trust ("BNYM" or "Plaintiff"), complains of Juana O. Castillo, Defendant, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant Juana O. Castillo is an obligor under a loan agreement and may be served with process at 4831 Betts Drive, El Paso, Texas 79938, or such other place where she may be found. Summons is requested.

## II.     PROPERTY

3. This proceeding concerns the following real property and improvements commonly known as 4831 Betts Drive, El Paso, Texas 79938, more particularly described as:

LOT 14, BLOCK 2, LOMA VIEW NORTH ESTATES, AN ADDITION TO EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 58, PAGE 21, OF THE PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(The "Property").

## III.    DIVERSITY JURISDICTION AND VENUE

4. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

5. Defendant is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). BNYM has its main office in New York. Therefore, BNYM is a citizen of New York for diversity purposes.

6. Defendant is an individual and citizen of the state of Texas.

7. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

8. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

9. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of September 21, 2021, the total amount due was $108,064.20. Therefore, the amount in controversy is more than $75,000.00.

10. Venue is proper in the Western District of Texas, El Paso Division, because this suit concerns title to real property located in El Paso County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV.   FACTS

11. The foregoing paragraphs are incorporated by reference for all purposes.

12. On or about March 17, 2006, for value received, Defendant Juana O. Castillo executed that certain Adjustable-Rate Note (Home Equity Conversion) (the "Note") originally payable to Financial Freedom Senior Funding Corporation ("Financial Freedom", in the principal amount of $135,000.00 bearing interest at the initial fixed rate of 6.2700% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13. Concurrently with the Note, Defendant Juana O. Castillo (the "Borrower") executed that certain Adjustable-Rate Home Equity Conversion Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. On April 6, 2006, the Security Instrument was recorded in the Official Public Records of El Paso County, Texas under Document Number 20060029325. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. The Security Instrument names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the Loan Agreement, acting solely as nominee for Financial Freedom. *See* **Exhibit B**.

15. MERS assigned all its right, title, and interest to CIT Bank, N.A. This assignment was recorded in the Official Public Records of El Paso County, Texas under Document Number 20150066189. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C.**

16. Subsequently, CIT Bank, N.A. assigned all its right, title and interest to BNYM. This assignment was recorded in the Official Public Records of El Paso County, Texas under Document No. 20180080710. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit D.**

17. The Loan Agreement provides that should the Borrower fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note. The Loan Agreement further provides that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

18. Borrower failed to comply with the terms of the Loan Agreement. Notice of Default was provided to the Borrower on August 26, 2015, pursuant to the Loan Agreement and applicable law. A true and correct copy of the Notice of Default is hereto attached as **Exhibit E.** Borrower did not cure the default under Loan Agreement. Therefore, the debt was accelerated pursuant to a Notice of Acceleration of Loan Maturity provided to the Borrower on December 14, 2015, pursuant to the Loan Agreement and applicable law. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

19. BNYM is the current legal owner of the endorsed in blank Note and beneficiary of the Deed of Trust. Plaintiff is also a mortgagee as that term is defined in the sections 51.0025 (1) and (2) of the Texas Property Code.

20. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit to obtain an order for foreclosure.

### V.    CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for foreclosure against Borrower. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrower, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

## VI.     MATTER OF AVOIDANCE-TOLLING

24.     Plaintiff asserts tolling of the statute of limitations as a matter of avoidance.

25.     Pursuant to Texas Law, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day of action accrues." TEX. CIV. PRAC. & REM. CODE. § 16.035. As a general rule, "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time in which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hugues v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991); *see also Pioneer Bldg. & Loan Ass'n v. Johnston*, 117 S.W.2d 556, 559 (Tex. App. 1938).

28.     Plaintiff's cause of action for foreclosure accrued when a Notice of Acceleration of Loan Maturity was sent to Borrower on December 14, 2015. *See* **Exhibit F**. Without tolling, Plaintiff's cause of action for foreclosure would have expired on December 14, 2019. However, upon her request, on April 2, 2018, Borrower was approved for an extension of time of the foreclosure ("At-Risk Extension Hold") and all proceedings were stayed until March 29, 2019. A true and correct copy of the *HUD Critical Circumstances Extension Qualification Approval Letter* is attached hereto as **Exhibit G**. On April 3, 2019, upon Borrower's request, she was approved to extend the At-Risk Extension Hold for an additional period of twelve (12) additional months until March 29, 2020. A true and correct copy of the *HUD Critical Circumstances Extension Qualification Approval Letter* is attached hereto as **Exhibit H**. Subsequently, on March 30, 2020, Borrower was approved to extend the At-Risk Extension Hold for an additional period of twelve (12) months until March 29, 2021. A true and correct copy of the *HUD Critical Circumstances Extension Qualification Approval Letter* is attached hereto as **Exhibit I**. As a result of the At-Risk

Extension Hold and the two approved extensions, Plaintiff was prohibited from proceeding with foreclosure at least for a period of thirty-six (36) months.

29. After the At-Risk Extension Hold expired on March 29, 2021, Plaintiff was still prohibited from proceeding with foreclosure proceedings due the foreclosure moratorium placed on March 17, 2020, under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act imposed a moratorium on foreclosure activities on any federal backed mortgage loan, such are FHA, VA, Fannie Mae and Freddie Mac, excluding vacant or abandoned properties. The CARES Act set the moratorium to originally expire on May 18, 2020. However, the U.S. Department of Housing and Urban Development ("HUD") extended the expiration date multiple times until July 31, 2021. (*See* Mortgage Letters Nos. 2020-13, 2020-19, 2020-27, 2021-03, 2021-04, and 2021.15.)

30. As a result of the foreclosure moratorium established under the CARES Act and as extended by HUD, Plaintiff was also prohibited from proceeding with foreclosure for an additional period of four (4) months (March 29, 2021, to July 31, 2021). Therefore, due to the At-Risk Extension Hold and the foreclosure moratorium imposed by the CARES Act, the statute of limitations for Plaintiff to assert its cause of action for foreclosure was extended until April 14, 2023. Thus, with tolling Plaintiff's foreclosure claim is timely.

## VII. CONDITIONS PRECEDENT

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. 20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**